# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUWSA GREEN, | Civil Action No. 2: 15-cv-0155 |
| Plaintiff, | Senior United States District Judge |
| v. | Terrence F. McVerry |
| BRIAN V. COLEMAN, et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

Before the court is an appeal (ECF No. 16) filed by Plaintiff Muwsa Green requesting review of the magistrate judge's Memorandum and Order dated May 5, 2015 (ECF No. 14) (the "Order"), denying his Motion for Appointment of Counsel. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). A*ccord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

1

In this case, the Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

The Order from which Green appeals was entered on May 5, 2015. Green was advised that he had fourteen (14) days from the date of the Order to appeal to a district judge. Green states in his motion that he sent the appeal "in the U.S. first class mail box on 5-15-2015;" the postmark on the envelope, however, is June 1, 2015 (ECF No. 16-1). When applying the prisoner mailbox rule,[1] many district courts will use the date the documents were signed as the presumed delivery date in cases where there is no clear record of delivery to prison officials. *Howard v. Masteron*, No. 06–5632, 2009 WL 5184476, at *1 n. 2 (E.D. Pa. 2009) ("Pursuant to the prison mailbox rule . . . [the] documents [are] filed on the date [the plaintiff] signed them.") (citing *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)). Plaintiff is an inmate confined at SCI-Fayette and, therefore, enjoys

---

1    The "prisoner mailbox rule" provides that an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed, and not the date the documents were actually filed in court. *Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Although this rule has typically been applied in circumstances involving habeas petitions, courts within the Third Circuit have extended this rule to other contexts, including § 1983 claims. *See White v. Pa. State Police,* 408 F. App'x 521, 522 (3d Cir. 2010) (finding that a prisoner receives the benefit of the mailbox rule for a §

the benefit of the prisoner mailbox rule. Accordingly, the Court will deem the appeal timely filed.

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge to deny Plaintiff's request for appointment of counsel was neither clearly erroneous nor contrary to law.

As the magistrate judge explained, the Court has authority "to <u>request</u> an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). Following *Tabron,* the first consideration by a district court should be whether the plaintiff's claim has "some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir.1997) (citing *Tabron,* 6 F.3d at 157).

The Court notes that this case has only recently been reopened and Defendants have not been served with process. Given the early stage of the litigation, the Court agrees with the magistrate judge that, at the present stage it is too early to make a determination as to whether this case has any merit, either in fact or in law.

As a pro se litigant Green will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for

---

1983 complaint).

counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Additionally, Plaintiff has made no showing that he has made any attempt to retain counsel himself. Furthermore this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request.

For all these reasons, the Court finds that Plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

It is so **ORDERED** on this the 5th day of June, 2015.

BY THE COURT:

s/ Terrence F. McVerry

Senior United States District Judge

cc: MUWSA GREEN
HV-5362
SCI Fayette
PO Box 9999
LaBelle, PA 15450