IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUWSA GREEN, | ) | |
| | ) | Civil Action No. 2:15-cv-00155 |
| Plaintiff, | ) | |
| | ) | Senior District Court Judge |
| v. | ) | Terrence F. McVerry |
| | ) | |
| BRIAN A. COLEMAN, et al, | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |
| | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants (ECF No. 53) be granted in part and denied in part.

**II. REPORT**

A. *Relevant and Material Facts*

Plaintiff, Muwsa Green, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis*. Although Green is currently incarcerated at the State Correctional Institution ("SCI") at Somerset, he is complaining about events that happened while he was housed at SCI-Fayette. Green names as defendants the following officers and officials at SCI-Fayette: (1) former Superintendent Brian Coleman, (2) CCPM Debra A. Hawkinberry, (3) Lt. Hawkinberry; (4) Lt. Burton; (5) Corrections Officer Wentzel, (6) Mail Room Supervisor D. Linderman, (7) Hearing Examiner Kerri Cross, (8) Unit Manager Steve Buzas, (9) Corrections Officer Beveridge; (10) Corrections Officer Harbaugh, (11) Lt. Irey, and (12) Lt. Parker.

Plaintiff asserts his claims in a manner that makes it difficult for the Court and the Defendants to clearly understand the claims asserted and the facts supporting those claims.

1

Nevertheless, the complaint is at least minimally sufficient to permit the Court to evaluate the asserted claims in the complaint under the Rule 12(b)(6) standard. The legal allegations appear to include claims for retaliation and denial of due process. (Complaint, ECF No. 37 at 5).[1] For the most part, Plaintiff's litany of overlapping legal theories are all based on the same series of alleged conduct by Defendants.

Defendants have filed a motion to dismiss, with brief in support (ECF Nos. 53 and 54, respectively), to which Plaintiff has filed a response in opposition (ECF No. 60). The matter is now ripe for consideration.

      B.     *Standard of Review - Motion to Dismiss*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515

---

[1] Plaintiff also makes reference that his rights to Equal Protection and Exercise of Religion were violated, but makes no factual allegations that would implicate a violation of the equal protection clause and/or his right to exercise his religion.

2

F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

3. *Discussion*

   a. Retaliation

Retaliation claims are judged against exacting legal standards. Because retaliation claims can be easily fabricated, district courts must view prisoner's retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. A prisoner claiming that a defendant retaliated against him for exercising his constitutional rights must show that: (i) his conduct was constitutionally protected; (ii) he suffered "adverse action" at the hands of the defendant, and (iii) there was a causal relation between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). It may be more difficult for a prisoner to prove a retaliation claim against an officer who was not the subject of a prior grievance than it is to prove a retaliation claim against an officer who was the subject of a prior grievance. But, a retaliation claim is not necessarily limited to those officers against whom the prisoner previously filed grievances.

Once a plaintiff has made a prima facie case, the burden shifts to the defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002).

Plaintiff asserts claims of retaliation against most of the named defendants. He appears to view all of the defendants' conduct as retaliatory for his filing of lawsuits and grievances. His retaliation claims can be broken down into four broad categories: (i) improper opening of legal mail and withholding all mail; (ii) the filing of a false misconduct report; (iii) the improper confiscation of eleven books; and (iv) his placement in long-term administrative custody.

In particular, Green alleges that Defendants Buzas and Linderman improperly opened his legal mail and withheld his mail in retaliation for his filing of grievances and lawsuits against Buzas "and his peers." Complaint at 5. Green contends that Buzas and Linderman had a history of "repeatedly opening Green incoming mail outside his presence," Complaint at 4, and gave him inadequate notice that legal mail had arrived at the facility. *Id*. at 3. Green alleges that Defendant Coleman was told about the alleged retaliation, but did nothing to rectify the situation.

Green also claims that Defendant Beverage issued a false misconduct against him[2] and denied him lunch in an attempt to deter Green from "pressing the issue of sexual harassment." *Id*. at 5. Green contends that Buzas told Plaintiff that he could have avoided the misconduct if he

---

[2] The filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited "retaliation" unless the report is, in fact, false. In other words, the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not filed a grievance. In *Bond v. Horne*, 553 F. App'x 219 (3d Cir. 2014), the United States Court of Appeals instructed that even when there has been a finding of guilt in the inmate's disciplinary hearing, the better course of action is to allow such claim to proceed and not to apply the burden-shifting aspect of the retaliation standard at the motion to dismiss stage.

4

would not file a complaint on Buzas's staff. Additionally, Plaintiff alleges that Defendants Burton and Wentzel provided contradictory statements as part of the "coverup" of the false misconduct report.

Green claims that Defendants Parker, Ivey, and Harbough "confiscated" eleven of his law and religious books in an attempt to deter Green from filing future grievances or litigation and that Defendants Coleman, Debra Hawkinberry, and Buzas placed him in "long term administrative confinement" in retaliation for his filing of grievances and lawsuits, and calling the sexual hot line on "them and their peers." *Id*. at 8.

Accepting the facts alleged in the Complaint as true and construing them in the light most favorable to Green, the Court finds that Green has alleged enough to create plausible retaliation claims that should be allowed to continue beyond the defendants' motion to dismiss. Therefore, it is recommended that Defendants' motion to dismiss Plaintiff's retaliation claims be denied and such claims should be allowed to proceed at this time.[3]

      b.    <u>Supervisory Claims Against Defendant Coleman</u>

"There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating

---

[3] The Court notes that Defendants have submitted copies of grievances in which Plaintiff complained that his mail was being improperly opened or withheld and that his eleven books were improperly confiscated. These grievance copies include responses denying that Plaintiff's mail had been maliciously withheld, but rather had been withheld inadvertently (ECF No. 54-2 at 3) and that his books were not sent with Plaintiff to SCI-Waymart as he going to SCI-Waymart on a temporary basis and there are specific rules for property when going to a non-home prison on a temporary basis (ECF No. 54-1 at 5). However, the grievance copies submitted by Defendants are not dispositive of the issue of whether Plaintiff can show that he was subjected to adverse action. The fact that prison officials and/or staff advised Plaintiff that his mail / books were not being withheld for improper reasons does not negate Plaintiff's allegations that such withholding occurred. It merely creates an issue of dispute which cannot be decided at this early stage of the litigation.

plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, No. 14-1667, -- F.3d --, 2016 WL 4375620 *9 (3d Cir. Aug. 17, 2016) (quoting *Santiago v. Warmister Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

Defendant Coleman argues that Green's claims against him should be dismissed because he has failed to allege that Coleman had personal involvement in any of alleged wrongdoings of which Plaintiff complains. Green alleges that he told Defendant Coleman about the recurrent problems with his mail being improperly opened and withheld in retaliation by correctional officers and staff members. While Green has not alleged that Defendant Coleman was personally involved with his mail problems, he does allege that he made Defendant Coleman aware of the retaliation and yet Defendant Coleman offered no assistance or took any corrective action. If Coleman knew about the retaliatory actions of the correctional officers and staff members. and he chose not take any corrective action, that might constitute supervisory involvement in violating Green's rights. *Parkell*, 2016 WL 4375620 at *9 (quoting *Santiago*, 629 F.3d at 129 n.5) (supervisors liable if, "as the persons in charge, [they] had knowledge of and acquiesced in their subordinates' violations.")).

Construed in the light most favorable to Green, his supervisory claim against Coleman should be allowed to continue beyond the defendants' motion to dismiss. Therefore, it is recommended that Defendants' motion to dismiss Plaintiff's claims against Defendant Coleman be denied.

c. <u>Due Process Claim Against Cross, Debra Hawkinberry, and Lt. Hawkinberry</u>

Green claims that Defendants Cross, Debra Hawkinberry, and Lt. Hawkinberry denied him due process in connection with his grievances and disciplinary hearings. To the extent that Plaintiff's allegations against these three defendants involve prison officials reviewing grievances or appeals, "[s]uch involvement is insufficient as a matter of law to render those defendants liable," given that "the failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation." *Lewis v. Wetzel*, — F.Supp.3d —, 2015 WL 9268432, *12 (M.D. Pa. Dec. 21, 2015) (collecting cases); *Mincy v. Chmielswski,* 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement.").

Plaintiff also challenges the quality of the administrative hearings and the outcome. From the Complaint, it is clear that Plaintiff was provided a hearing(s) and the process that was due. Any unfavorable result does not create a constitutional violation. Accordingly, the due process claims against Defendants Cross, Debra Hawkinberry and Lt. Hawkinberry relating to their involvement in the review of Plaintiff's grievances and appeals should be dismissed. Further, because Plaintiff would be unable to cure the deficiencies with respect to any claim against these defendants regarding their involvement in the review of grievances and appeals, leave to amend should be denied as futile.

d. <u>Due Process Claims Against Buzas, Parker, Ivey, and Harbough</u>

Green also contends that Buzas, Parker, Ivey, and Harbough violated applicable DOC policies when they inventoried Plaintiff's property and "confiscated" his books prior to his temporary transfer to SCI-Waymart. However, state agency guidelines do not, in and of

themselves, create a right, and do not have the force of law. *See Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004); *see also Atwell v. Lavan*, 557 F.Supp.2d 532, 556 n. 24 (M.D.Pa. 2007) (a prison policy manual does not have the force of law and does not rise to the level of a regulation). As such, a violation of internal policy does not trigger a violation of constitutional dimension. *Whitcraft v. Township of Cherry Hill*, 974 F.Supp. 392, 398 (D.N.J. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 332–33 (1986); *Jones v. Chieffo*, 833 F.Supp. 498, 505–06 (E.D.Pa. 1993)). Consequently, defendants cannot be legally liable simply for violating a DOC prison policy. Because Plaintiff would be unable to cure the deficiencies with respect to these claims, leave to amend should be denied as futile.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that the Motion to Dismiss filed by the Defendants be granted in part and denied in part. Defendants' motion should be granted as to Plaintiff's due process claims against Defendants Cross, Debra Hawkinberry, Lt. Hawkinberry, Buzas, Parker, Ivey, and Harbough. Defendants' motion should be denied as to (i) Plaintiff's claims of retaliation against Defendants Buzas, Linderman, Beveridge, Burton, Wentzel, Parker, Ivey, Harbough, and Cross and (ii) Plaintiff's supervisory claims against Defendant Coleman.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of

service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated: August 18, 2016

cc: MUWSA GREEN  
HV-5362  
SCI Somerset  
1600 Walters Mill Road  
Somerset, PA 15510  
(via U.S. First Class Mail)

Yana L. Warshafsky  
Office of the Attorney General  
(via ECF electronic notification)